9. All the while, Plaintiffs have suffered substantial harm from Defendants' fraudulent activities. By wrongfully evading and circumventing the Antidumping Order and selling sawblades and their parts at below-market prices, Defendants have directly caused—consistent with Commerce's and the ITC's findings in its most recent sunset review—Plaintiffs to have reduced sales and lower prices, thereby undercutting Plaintiffs' profits. And while Commerce and DHS have attempted to prevent prospective harm through enforcement of the Antidumping Order and issuance of anticircumvention determinations, they have not—because they cannot—compensate Plaintiffs for the losses incurred. This lawsuit seeks compensation for these losses caused by Defendants' coordinated and continuous circumvention of U.S. law.

## PARTIES

10. Plaintiff DSMC is an *ad hoc* coalition originally consisting of nine domestic diamond sawblade producers. Several members of the original coalition have gone out of business or exited the industry due to unfair competition from Chinese exports.

11. Plaintiffs Diamond Products, Limited, located at 333 Prospect Street, Elyria, OH 44035, and Western Saw Manufacturers, Inc., located at 3200 Camino Del Sol, Oxnard, CA 93030, are the two remaining members of DSMC. Diamond Products, Limited, is a domestic limited liability company organized and existing under the laws of Ohio. Western Saw Manufacturers, Inc., is a corporation organized and existing under the laws of California.

12. Defendant DTT is a corporation organized and existing under the laws of Indiana, having its principal place of business at 9339 Castlegate Drive, Indianapolis, IN 46256. DTT sells diamond sawblades and parts thereof throughout the United States, including in this District.

13. Defendant Wuhan is a Chinese producer of diamond sawblades that exports into the United States, including in this District. Wuhan is located at No. 2808, Che Cheng Road, WEDZ, Wuhan, 430056, China.

14. Defendant DTT Thailand is a subsidiary of Wuhan, which holds 99.997% of DTT Thailand's shares, having its principal place of business at 7/356 Moo 6, Mapyangphon, Pluak Daeng, Rayong, 21140, Thailand.  DTT Thailand exports diamond sawblades and parts thereof into the United States, including in this District.

15. Defendant DTT Canada is an affiliate of DTT, having its principal place of business at 10&11-1575 Sismet Road, Mississauga, Ontario L4W 1P9, Canada.  DTT Canada exports diamond sawblades and parts thereof into the United States, including in this District.

16. Defendant Wanbang is affiliated with Wuhan and DTT, having its principal place of business at 9339 Castlegate Drive, Indianapolis, IN 46256.  On information and belief, Wanbang assists DTT in importing diamond sawblades and parts thereof throughout the United States, including in this District.

## JURISDICTION

17. This Court has personal jurisdiction over each Defendant. Each Defendant has transacted business, maintained substantial contacts, or committed overt acts directly or through its agents in furtherance of the illegal scheme and conspiracy throughout the United States, including in this District. The scheme and conspiracy have been directed at, and have had the intended effect of causing injury to, persons and corporations residing in, located in, or doing business throughout the United States, including in this District.

18. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  A number of DSMC's claims arise under federal law, including under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c) and (d).  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' Indiana claims because they relate to the federal statutory claims and form part of the same case or controversy under Article III of the United States Constitution.